E. Vance Walters and Kae L. Walters v. Commissioner.
Walters v. Commissioner
Docket No. 5693-64.
United States Tax Court
T.C. Memo 1966-38; 1966 Tax Ct. Memo LEXIS 247; 25 T.C.M. (CCH) 215; T.C.M. (RIA) 66038; February 23, 1966
Charles J. Chastang, 33 North High St., Columbus, Ohio, for the petitioners. W. Dean Short, for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: Respondent determined deficiencies in petitioners' income tax for the years 1961 and 1962 in the amounts of $350.12 and $456.52, respectively. Other deficiencies were determined, including a deficiency for the year 1960, but these have all been conceded by petitioners. E. Vance Walters, who will be called petitioner, is an osteopathic physician who lives in Cincinnati, Ohio. He and his wife Kae L. Walters filed their joint income tax returns for the two years that are here involved with the district director of internal revenue at Cincinnati, Ohio. The deficiencies in controversy *248 involve payments in the years 1961 and 1962 of $400 and $1,000, respectively, to the Epp Memorial Hospital. Petitioner is in the same position as the taxpayer in Glenn L. Heigerick, 45 T.C. 475, (Feb. 23, 1966), in that he was an osteopath who agreed to pay $5,000 for staff privileges as a minor specialist. He made the above payments on this obligation for medical staff privileges and took deductions for same on his 1961 and 1962 income tax returns, which respondent disallowed. Petitioner contends that the payments were deductible business expenses under section 162(a), Internal Revenue Code of 1954. The payments secured staff privileges for an indefinite time and it was in effect petitioner's testimony that he anticipated his reappointment each year and he has been reappointed and is still a member of the staff. Since the payments were made under the same circumstances as the payment that was disallowed in Glenn L. Heigerick, supra, our opinion there will control here. Accordingly, consistent with our opinion in the above cited case, we hold that the $400 and $1,000 payments in the years 1961 and 1962 for staff privilege fees were *249 not allowable business expense deductions under section 162(a), Internal Revenue Code of 1954. Here, as in Glenn L. Heigerick, supra, respondent allowed amortized deductions for said payments based on treating the payments as capital expenditures. Decision will be entered for the respondent.